

**CORPORATION SERVICE COMPANY**

TMM / ALL
Transmittal Number: 6045431
Date Processed: 09/17/2008

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |
| Copy of transmittal only provided to: | SOP Coordinator |
| Entity: | The Travelers Indemnity Company of Connecticut<br>Entity ID Number 2317466 |
| Entity Served: | The Travelers Indemnity Company of Connecticut |
| Title of Action: | GTECK Inc. vs. The Travelers Indemnity Company of Connecticut |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Hancock Circuit Court, Mississippi |
| Case Number: | 08-0419 |
| Jurisdiction Served: | Mississippi |
| Date Served on CSC: | 09/17/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Gary Yarborough<br>228-446-0200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

GTEK, INC.                                                                PLAINTIFF

VERSUS                             CAUSE NO. 08-0419

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT                                    DEFENDANT

## SUMMONS

**THE STATE OF MISSISSIPPI**

TO:   The Travelers Indemnity Company of Connecticut
      Attn: Charles A. Brewer, agent for service
      506 South President Street
      Jackson, MS 39201

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Gary Yarborough, Jr., the attorney for Plaintiffs, whose post office address is Post Office Drawer 3567, Bay St. Louis, MS, 39521, and whose street address is 841 Highway 90, Bay St. Louis, MS 39520. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 25th day of August, 2008.

CLERK OF HANCOCK COUNTY, MISSISSIPPI

By: _____ D.C.

PROOF OF SERVICE - SUMMONS

_____
(Name of Person or Entity Served)

I, the undersigned process serve, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

☐ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

☐ PERSONAL SERVICE. I personally delivered copies of the summons and complaint on the ____ day of _____, 20___, to: _____, where I found said person(s) in _____ County of the State of Mississippi.

☐ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies of the summons and complaint to _____ within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 20___, at the usual place of abode of said _____ by leaving a true copy of the summons and complaint with _____, who is the _____ (husband, wife, son, daughter, etc), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the ____ day of _____, 20___, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

☐ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served).

At the time of the service I was at least 18 years of age and not a party to this action.

Fee for service: $

Process server must list below:   (Please print or type)

Name:
Social Security No.
Address:

Telephone No.

STATE OF MISSISSIPPI
COUNTY OF _____

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                                                 Process Server (Signature)

Sworn to and subscribed before me this the _____ day of _____, 20____

                                                     Notary Public

My Commission Expires:

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

GTEK, INC.                                                                                          PLAINTIFF

VERSUS                                                         CAUSE NO. 08-0419

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT                                                      DEFENDANT

## COMPLAINT
## JURY TRIAL REQUESTED

**COMES NOW** Plaintiff GTEK, Inc., by and through counsel of record, and file this *Complaint* against Defendant The Travelers Indemnity Company of Connecticut (hereinafter "Defendant"), and would show unto the Court the following to wit:

### THE PARTIES

1. At all relevant times herein, Plaintiff was a Mississippi resident corporation and property owned by Plaintiff that is the subject of this lawsuit was situated in Hancock County, Mississippi.

2. At all times material herein, Plaintiff owned property located at 399 Highway 90, Bay St. Louis, Mississippi, 39520, and Plaintiff insured such property through an insurance policy with Defendant.

3. Defendant The Travelers Indemnity Company of Connecticut is a corporation organized and existing under the State of Connecticut, with its principal office and place of business located at One Tower Square, Hartford, Connecticut, 06183.

4. Defendant may be served with process by service on its agent for service of process, Charles A. Brewer, 506 South President Street, Jackson, Mississippi, 39201, or by service on the Mississippi Insurance Commissioner, P.O. Box 79, Jackson, Mississippi, 39205-0079, pursuant to Miss. Code Ann. § 83-21-1.

## SUBJECT MATTER, PERSONAL JURISDICTION AND VENUE

5.  This cause of action arises out of the willful, tortuous and wrongful breach by Defendant of non-delegable, express and implied duties owed to Plaintiff under regulations, statutes and common law, and to Plaintiff as an insured under an insurance policy, marketed, underwritten, sold issued and/or delivered in Hancock County, Mississippi, by Defendant and its agents, representatives or employees.

6.  Venue in this cause is proper in the Circuit Court of Hancock County, Mississippi, pursuant to Miss. Code. Ann. § 11-11-3. The act and omissions giving rise to Plaintiff's *Complaint* and claim(s) occurred in Hancock County, Mississippi.

## SUMMARY OF FACTS

7.  On August 29, 2005, Plaintiff GTEK, Inc. owned property located at 399 Highway 90, Bay St. Louis, MS 39520. Plaintiff insured the building and business personal property (collectively the "insured property") at that location through an insurance policy through Defendant. (See Exhibit "1" – Plaintiff's Declaration Page)

8.  Plaintiff purchased from Defendant an insurance policy, Policy Number I-680-380H7300-TCT-05 (hereinafter the "Policy"), naming Plaintiff as the insured. Such policy was in full force and effect at the time of August 29, 2005. Such policy insured Plaintiff's building for $441,503, business personal property for $220,751, along with other certain coverage extensions.

9.  Plaintiff's Policy also provides for replacement cost coverage.

10. The Policy clearly provides for coverage for all of Plaintiff's losses caused directly or indirectly by a "Windstorm", such as Hurricane Katrina.

11. Specifically, the Policy includes a "WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE" endorsement, Endorsement MP T1 75 12 96, which clearly "CHANGES THE

POLICY" to provide coverage for all of Plaintiff's losses "caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage."

12. No exclusion in the Policy is enforceable to exclude coverage for a direct physical loss caused by a windstorm, such as Hurricane Katrina.

13. Specifically, the Policy's "WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE" changes the Policy to render any "water" exclusion unenforceable as pertains to loss(es) or damage occurring during a "Windstorm," such as Hurricane Katrina.

14. Before issuing the Policy to Plaintiff, Defendant failed to resolve ambiguities in the Policy.

15. Actual cash value is not defined in Plaintiff's Policy.

16. Defendant failed to resolve ambiguities in Plaintiff's Policy's loss settlement provision. Particularly, Defendant did not define "actual cash value" in the Policy.

17. Due to ambiguities in Plaintiff's Policy, at all times on and before August 29, 2005, Plaintiff's Policy covered Plaintiff's insured property for all direct physical losses caused by windstorms, such as a hurricane.

18. Due to ambiguities in Plaintiff's Policy, Plaintiff is owed benefits for any losses caused by a hurricane equal to the replacement cost of those losses.

19. Due to ambiguities in Plaintiff's Policy, Plaintiff's Policy provides coverage for all direct physical loss caused directly or indirectly by wind and hail to the insured property.

20. Plaintiff's Policy provides coverage for all loss(es) proximately and/or efficiently caused to Plaintiff's insured property directly or indirectly by windstorms, such as hurricanes,

3

including, but not limited to losses caused by objects driven by hurricanes, losses caused by water, wind and flood, and losses caused by wind blown objects and water borne debris.

21. Plaintiff paid all premiums due under the Policy.

22. Plaintiff complied with all terms and conditions of the Policy.

23. On or around August 29, 2005, Hurricane Katrina caused a direct physical loss to Plaintiff's insured property. Such damages to Plaintiff's insured property were caused solely by wind and/or wind driven rain, and occurred in the absence and/or independent of water.

24. After Hurricane Katrina caused such damages to Plaintiff's insured property, Plaintiff promptly made a claim for benefits under the Policy through Defendant.

25. Defendant failed to adequately, promptly, fully, fairly, and thoroughly investigate Plaintiff's insurance claim.

26. Defendant negligently, grossly negligently, intentionally, willfully, and/or with reckless disregard for Plaintiff's rights, relied on unenforceable exclusions to deny Plaintiff's Hurricane Katrina claim.

27. Defendant denied Plaintiff's insurance claim. At all times since Hurricane Katrina, Defendant had no arguable and/or reasonable basis to deny Plaintiff's insurance claim.

28. Defendant has withheld payment of Plaintiff's valid insurance claim at all times since Plaintiff's made such claim.

### COUNT # 1

### BREACH OF CONTRACT AGAINST DEFENDANT

29. Plaintiff hereby incorporates by reference each and every allegation set forth in the *Complaint* as if completely restated herein.

30. Plaintiff entered into an insurance contract with Defendant, by which Defendant agreed to provide coverage to Plaintiff for any direct physical loss to Plaintiff's property insured under the Policy.

31. Plaintiff entered into an insurance contract with Defendant, by which Defendant agreed to provide coverage to Plaintiff for any and all losses caused by a hurricane.

32. Plaintiff entered into an insurance contract with Defendant, by which Defendant agreed to provide coverage to Plaintiff for "loss or damage to Covered Property caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage."

33. Plaintiff's insured property suffered damage as a proximate and efficient result of Hurricane Katrina.

34. Plaintiff's insured property was damaged solely by wind and/or wind driven rain.

35. Defendant breached the Policy with Plaintiff in the following, non-exclusive ways:

    a. By denying Plaintiff's insurance claim without an adequate, fair, thorough, full and prompt investigation and adjustment of such claim.

    b. By failing to pay to Plaintiff insurance benefits owed under the insurance contract;

    c. By arbitrarily denying Plaintiff's insurance claim based on ambiguous and unenforceable exclusions;

    d. By denying Plaintiff's insurance claim even though Plaintiff's losses were covered under the Policy;

e. By delaying payment to or withholding payment from Plaintiff of monies owed to Plaintiff for losses covered under the Policy;

f. By interpreting its contract and/or policy of insurance in an arbitrary and capricious manner, and contrary to the meaning and intent of the Policy, in such a matter to avoid paying, and to withhold payment, of monies to Plaintiff rightfully owed under the Policy;

g. By failing to resolve ambiguities in the Policy in favor of coverage to Plaintiff for Plaintiff's losses;

h. By denying Plaintiff's insurance claim without meeting its burden of proving that Plaintiff was not owed coverage;

i. By failing to keep Plaintiff adequately informed of all information related to Plaintiff's insurance claim;

j. By failing to adequately inform Plaintiff of the basis of denial of Plaintiff's insurance claim; and

k. By other acts or omissions to be proven at a trial of this matter.

## COUNT # 2

## NEGLIGENT AND/OR GROSSLY NEGLIGENT BREACH OF CONTRACT BY DEFENDANT

36. Plaintiff hereby incorporates by reference each and every allegation of this *Complaint* as if completely restated herein.

37. Defendant has a duty to Plaintiff to fully, fairly, adequately, thoroughly, and promptly investigate Plaintiff's insurance claim.

38. Defendant has a duty to Plaintiff to keep Plaintiff reasonably informed of all information related to Plaintiff's insurance claim.

39. Defendant has a duty to Plaintiff to adequately inform Plaintiff of the reasons for denial of Plaintiff's insurance claim.

40. Defendant has a duty to Plaintiff to promptly pay Plaintiff's valid insurance claim.

41. Defendant has a duty to Plaintiff to promptly pay Plaintiff for all loss or damage to the insured property "caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage."

42. Defendant breached each of those duties to Plaintiff through willful conduct, negligence, gross negligence, and/or reckless disregard for Plaintiff's rights.

43. Such negligence, willful conduct, gross negligence and/or reckless disregard by Defendant were the proximate and efficient cause of the denial of Plaintiff's valid insurance claim.

44. Defendant's negligence, willful conduct, gross negligence, and/or reckless disregard caused economic and other foreseeable consequential damages to Plaintiff.

## COUNT # 3

### BAD FAITH BREACH OF CONTRACT BY DEFENDANT

45. Plaintiff hereby incorporates by reference each and every allegation set forth in this *Complaint* as if completely restated herein.

46. Defendant's actions as set forth herein amount to breach of contract arising to the level of an independent tort, as Defendant willfully, grossly negligently, intentionally, and with reckless disregard denied Plaintiff's valid insurance claim without any arguable and reasonable basis.

7

47. Plaintiff's losses from Hurricane Katrina were clearly covered losses under the Policy. Nonetheless, Defendant willfully, grossly negligently, intentionally, and with reckless disregard denied benefits owed to Plaintiff under the Policy.

48. Plaintiff's losses from Hurricane Katrina were clearly covered losses under the Policy, as Plaintiff's losses were clearly caused "directly or indirectly by [a] Windstorm," namely Hurricane Katrina. Nonetheless, Defendant willfully, grossly negligently, intentionally, and with reckless disregard denied benefits owed to Plaintiff under the Policy.

49. At all times relevant hereto, Defendant owed to Plaintiff express and implied duties of good faith and fair dealing under the Policy, with non-delegable, express and implied duties toward Plaintiff.

50. Along with the duty of good faith and fair dealing, Defendant owed to Plaintiff at all times a duty to: (1) fulfill all of its contractual obligations under the Policy; (2) investigate each claim with the interest of the insured in mind and keeping Plaintiff informed of all facts related to the claim; and (3) resolve all coverage questions under the Policy in a manner favorable to Plaintiff.

51. Defendant grossly negligently, willfully, and with reckless disregard for Plaintiff's rights breached the above mentioned duties it owed.

52. Such grossly negligent, willful, and with reckless disregard for Plaintiff's rights was the direct and actual cause of the denial of Plaintiff's valid insurance claim, and caused Plaintiff economic harm.

53. As a result of Defendant's breach of its duty to exercise good faith and fair dealing, and Defendant's bad faith breach of contract, Plaintiff is entitled to a judgment against Defendant for actual, compensatory, consequential and punitive damages, as well as prejudgment

and post-judgment interest on all amounts due, plus court costs and attorney's fees at the legally allowable limit.

## PRAYER FOR RELIEF

54. Plaintiff hereby incorporates by reference each and every allegation set forth in this *Complaint* as if completely restated herein.

55. As a direct and proximate results of Defendant's negligent, grossly negligent, willful conduct, and reckless disregard for Plaintiff's rights, breach of contract, breach of duty of good faith and fair dealing, bad faith and tortuous breach of contract without a legitimate and arguable basis for denying Plaintiff's claim, either in fact or law, Plaintiff is entitled to the following relief:

    a. Payment to Plaintiff for all coverage benefits for Plaintiff's insured property for all losses caused to such property by Hurricane Katrina, with interest on all amounts due under the Policy;

    b. Prejudgment and post-judgment interest on all amounts owed to Plaintiff under the Policy, with such interests retroactive to August 29, 2005;

    c. Compensatory damages, consequential damages and extra-contractual damages Plaintiff suffered as a direct, proximate or efficient result of Defendant's denial of coverage; and

    d. Extra-contractual, punitive and exemplary damages for Defendant's negligent, tortious, intentional, willful, wanton, grossly negligent, and reckless disregard for Plaintiff's rights under the Policy, which rose to

the level of an independent tort and caused the denial of Plaintiff's valid insurance claim; and

  e. All other relief this Court deems appropriate.

PLAINTIFF

By: _____
Gary Yarborough, Jr. (MS Bar No. 102310)
Zach Butterworth (MS Bar No. 9946)
HESSE & BUTTERWORTH, PLLC
841 Highway 90
Post Office Box 3567
Bay St. Louis, MS 39521
Tel. (228) 466-0020
Fax. (228) 466-0550

OF COUNSEL:

HESSE & BUTTERWORTH, PLLC
841 Highway 90
Post Office Box 3567
Bay St. Louis, MS 39521
Tel. (228) 466-0020
Fax. (228) 466-0550

Don Barrett, Esq.
David McMullan, Esq.
Katherine Riley, Esq.
Barrett Law Office, P.A.
404 Court Square North
Lexington, MS 39095
Tel. (662) 834-2376

Richard R. Barrett, Esq.
Law Offices of Richard R. Barrett, PLLC
404 Court Square North
P.O. Box 339
Lexington, MS 39095
Tel. (662) 834-4960

Dewitt Lovelace, Esq.
Lovelace Law Firm
36474 Emerald Coast Pkwy., Suite 4202
Destin, FL 32541
Tel. (850) 837-6020

**ATTORNEYS FOR PLAINTIFF**



# MANUFACTURERS PAC

INSTRUMENTS AND ELECTRONIC PRODUCTS

A Custom Insurance Policy Prepared for:

GTEK, INC.
P. O. BOX 2310

BAY SAINT LOUIS          MS   39520



Presented by: FOX-EVERETT INC

**ST PAUL TRAVELERS**

One Tower Square, Hartford, Connecticut 06183

**COMMON POLICY DECLARATIONS**
MANUFACTURERS PAC PLUS
BUSINESS: MANUFACTURER

POLICY NO.: I-680-380H7300-TCT-05
ISSUE DATE: 06-28-05

INSURING COMPANY:
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

1. NAMED INSURED AND MAILING ADDRESS:

   GTEK, INC.
   P. O. BOX 2310

   BAY SAINT LOUIS        MS 39520

2. POLICY PERIOD: From 08-13-05 to 08-13-06  12:01 A.M. Standard Time at your mailing address.

3. DESCRIPTION OF PREMISES:

   | PREM. LOC. NO. | BLDG. NO. | OCCUPANCY | ADDRESS (same as Mailing Address unless specified otherwise) |
   |---|---|---|---|
   | 01 | 01 | MANUFACTURER | 399 HIGHWAY 90<br>BAY SAINT LOUIS    MS  39520 |

4. COVERAGE PARTS AND SUPPLEMENTS FORMING PART OF THIS POLICY AND INSURING COMPANIES

   | COVERAGE PARTS and SUPPLEMENTS | INSURING COMPANY |
   |---|---|
   | Businessowners Coverage Part | TCT |

5. The COMPLETE POLICY consists of this declarations and all other declarations, and the forms and endorsements for which symbol numbers are attached on a separate listing.

6. SUPPLEMENTAL POLICIES: Each of the following is a separate policy containing its complete provisions.

   | POLICY | POLICY NUMBER | INSURING COMPANY |
   |---|---|---|

   DIRECT BILL

7. PREMIUM SUMMARY:

   SUBJECT TO AUDIT

   Provisional Premium         $  1,821.00
   Due at Inception            $
   Due at Each                 $

NAME AND ADDRESS OF AGENT OR BROKER

FOX-EVERETT INC                         XY210
12260 INTRAPLEX PARKWAY
GULFPORT                        MS 39503
IL T0 19 02 05   (Page 1 of 01)
Office: ELMIRA NY SRV CTR   DOWN

COUNTERSIGNED BY

*Cherie E. Watson*
Authorized Representative

DATE: 06-28-05

**ST PAUL TRAVELERS**

One Tower Square, Hartford, Connecticut 06183

## BUSINESSOWNERS COVERAGE PART DECLARATIONS

MANUFACTURERS PAC PLUS

POLICY NO.: I-680-380H7300-TCT-05
ISSUE DATE: 06-28-05

INSURING COMPANY:
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

POLICY PERIOD:
From 08-13-05 to 08-13-06 12:01 A.M. Standard Time at your mailing address

FORM OF BUSINESS:   CORPORATION

COVERAGES AND LIMITS OF INSURANCE:  Insurance applies only to an item for which a "limit" or the word "included" is shown.

### COMMERCIAL GENERAL LIABILITY COVERAGE
OCCURRENCE FORM

| | LIMITS OF INSURANCE |
|---|---|
| General Aggregate (except Products-Completed Operations Limit) | $ 2,000,000 |
| Products-Completed Operations Aggregate Limit | $ 2,000,000 |
| Personal and Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Damage to Premises Rented to You | $ 300,000 |
| Medical Payments Limit (any one person) | $ 5,000 |

### BUSINESSOWNERS PROPERTY COVERAGE

DEDUCTIBLE AMOUNT:   Businessowners Property Coverage:  $ 1,000 per occurrence.
                     Building Glass:                    $   250 per occurrence.

BUSINESS INCOME/EXTRA EXPENSE LIMIT:   Actual loss up to 12 consecutive months, subject to a maximum limit of $ 5,358

Period of Restoration-Time Period:   Immediately

ADDITIONAL COVERAGE:
   Fine Arts:                         $ 25,000

Other additional coverages apply and may be changed by an endorsement.  Please read the policy.

SPECIAL PROVISIONS:

**COMMERCIAL GENERAL LIABILITY COVERAGE
IS SUBJECT TO A GENERAL AGGREGATE LIMIT**

MP T0 01 02 05  (Page 1 of 02)

BUSINESSOWNERS PROPERTY COVERAGE

PREMISES LOCATION NO.: 01        BUILDING NO.: 01

| COVERAGE | LIMIT OF INSURANCE | VALUATION | COINSURANCE | INFLATION GUARD |
|---|---|---|---|---|
| BUILDING *Replacement Cost | $ 441,503 | RC* | N/A | 0.0% |
| BUSINESS PERSONAL PROPERTY *Replacement Cost | $ 220,751 | RC* | N/A | 0.0% |
| COVERAGE EXTENSIONS: | | | | |
| Accounts Receivable | $ 25,000 | | | |
| Valuable Papers | $ 25,000 | | | |

Other coverage extensions apply and may be changed by an endorsement. Please read the policy.

MP TO 01 02 05 (Page 2 of 02)

013843

```
                                    POLICY NUMBER:  I-680-380H7300-TCT-05
                                    EFFECTIVE DATE: 08-13-05
                                       ISSUE DATE:  06-28-05
```

LISTING OF FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS

THIS LISTING SHOWS THE NUMBER OF FORMS, SCHEDULES AND ENDORSEMENTS BY LINE OF BUSINESS.

```
IL T0 19 02 05    COMMON POLICY DEC
MP T0 01 02 05    BUSINESSOWNERS COVERAGE PART DECS
IL T8 01 01 01    FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS
IL T3 15 02 04    COMMON POLICY CONDITIONS
```

BUSINESSOWNERS

```
MP T1 30 02 05    TBL OF CONT-BUSINESSOWNERS COV-DELUXE
MP T1 02 02 05    BUSINESSOWNERS PROPERTY COV-SPEC FORM
MP T1 59 02 05    AMENDATORY PROVISIONS-MANUFACTURERS
MP T1 75 12 96    WINDSTORM OR HAIL PERCENTAGE DED
MP T3 07 03 97    PROTECTIVE SAFEGUARDS-SPRINK&RESTAURANT
MP T3 25 10 04    TERRORISM RISK INS ACT OF 2002 NOTICE
MP T3 41 02 05    THEFT OF MONEY AND SECURITIES LIMITATION
```

COMMERCIAL GENERAL LIABILITY

```
CG T0 07 03 96    DECLARATIONS PREMIUM SCHEDULE
CG T0 34 11 03    TABLE OF CONTENTS
CG 00 01 10 01    COMMERCIAL GENERAL LIABILITY COV FORM
CG D2 55 11 03    AMENDMENT OF COVERAGE - POLLUTION
CG D3 09 11 03    AMEND ENDT-PRODUCTS-COMPLETED OPR HAZARD
CG 21 70 11 02    CAP ON LOSSES CERTIFIED ACTS TERRORISM
CG D0 37 01 04    OTHER INSURANCE-ADDITIONAL INSUREDS
CG D2 34 11 03    WEB XTEND - LIABILITY
MP T1 25 11 03    HIRED AUTO AND NON-OWNED AUTO LIAB
CG D2 56 11 03    AMENDMENT OF COVERAGE
CG D2 88 11 03    EMPLOYMENT-RELATED PRACTICES EXCLUSION
CG D3 26 01 04    EXCLUSION-UNSOLICITED COMMUNICATIONS
CG D1 42 01 99    EXCLUSION-DISCRIMINATION
CG D2 42 01 02    EXCLUSION WAR
CG T3 23 07 02    EXCL-AIRCRAFT PRODUCTS AND GROUNDING
CG T4 78 02 90    EXCLUSION-ASBESTOS
CG T5 37 09 89    EXCL-COMPUTER SOFTWARE ERRORS/OMISSIONS
CG T3 33 11 03    LIMIT WHEN TWO OR MORE POLICIES APPLY
```

INTERLINE ENDORSEMENTS

```
IL 00 21 07 02    NUCLEAR ENERGY LIAB EXCL END-BROAD FORM
IL 02 82 04 98    MS CHANGES-CANCELLATION AND NONRENEWAL
IL 09 52 11 02    CAP LOSSES-CERTIFIED ACTS OF TERRORISM
```

IL T8 01 01 01

PAGE: 1 OF 1